IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No.

EUGENE QUINTANA,
Plaintiff,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE,
Michael Johanns, in his official capacity as Secretary of the
United States Department of Agriculture:

FOREST SERVICE, ROCKY MOUNTAIN REGION, Fred Clark, individually and in his capacity as regional forester, Glenda Wilson, individually and in her official capacity as regional engineer, Cindy Rivera, individually and in her capacity as regional director;

REGION 2 - RIO GRANDE NATIONAL FOREST, Bob Seiger, individually and in his former capacity as regional supervisor, Stan Mattingly, individually and in his capacity as regional supervisor, and Gary Frink, individually and in his capacity as regional blast examiner for Region 2.

Defendants

### COMPLAINT

Plaintiff, Eugene Quintana, by and through undersigned counsel, alleges as follows:

#### A. PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Eugene Quintana, is an individual and citizen of the state of Colorado, and resides in Monte Vista, Colorado.

2. Defendant, the United States Department of Agriculture, Forest Service, Rocky Mountain Region, Rio Grande National Forest ("Defendant") is a federal executive agency authorized to transact business in the state of Colorado.

1

3. The Plaintiff is an employee and the Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5, and the Colorado Anti-Discrimination Act, C.R.S. §§ 24-34-101 *et seq.*.

4. The Defendant has employed more than 500 persons at all times relevant to this case.

5. The events giving rise to this Complaint took place at or near Defendant's administrative offices for the Rio Grande National Forest.

6. Jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 and the Colorado Anti-Discrimination Act, §§ 24-34-101 *et seq.*

## II.   ADMINISTRATIVE PROCEDURES

7. On June 8, 2004, Plaintiff filed an informal charge of discrimination with the personnel section of the administrative offices of the Rio Grange National Forest.

8. On June 8, 2004, an initial interview was held between Plaintiff and staff from Defendant's Employment Complaints Program.

9. On June 28, 2004, Plaintiff acknowledged his initial contact with Defendant's Employee Complaints Program in a letter of that same date.

10. An attempt to informally resolve Plaintiff's complaint of discrimination was made between June 8, 2004, and September 9, 2004.

11. On September 9, 2004, a final interview was held between Plaintiff and staff from the Defendant's Equal Employment Opportunity Office.

12. On September 9, 2004, Defendant's Equal Employment Opportunity Office sent Plaintiff a "Notice of Right to File" a formal complaint of discrimination.

13. On September 16, 2004, Plaintiff received the "Notice of Right to File" from Defendant.

14. On September 28, 2004, Plaintiff timely filed a "Complaint of Employment Discrimination" with Defendant's Office of Civil Rights alleging that Defendant had discriminated against him because of his national origin (Hispanic) (sic) alleged discriminatory conduct by the Defendant for its failure to certify Mr. Quintana as a blaster.

15. The Complaint of Employment Discrimination has Equal Employment Opportunity Commission case number 320-2005-00211X.

16. On November 18, 2004, Defendant's Office of Civil Rights acknowledged and accepted Plaintiff's September 28, 2004 Complaint of Employment Discrimination.

17. This charge of discrimination has Defendant's case number USDACR040707.

18. The issue accepted for investigation by Defendant is: "[w]hether the agency subjected complainant to discrimination based on national origin (Hispanic) (sic) when the regional blaster examiner refused to issue him [a] blasters (sic) certification? (sic)

19. The matter was investigated by Defendant's Office of Civil Rights between approximately January 7, 2005, and March 1, 2005.

20. Defendant's Office of Civil Rights subsequently issued a "Counselor's Report", which contains a Notice of Right to File.

21. During the EEOC administrative proceedings, the Plaintiff alleged facts to indicate that the Defendant engaged in both retaliatory conduct towards, and disparate treatment of, Mr. Quintana because Mr. Quintana had filed this EEODC charge.

22. Plaintiff received a Dismissal and Notice of Rights, which contained a Notice of Right to Sue the Defendant from the EEPC.

23. Plaintiff has exhausted his administrative remedies with regard to his claims for racial discrimination and retaliation. Plaintiff has also complied with all statutory requirements in a timely manner pursuant to Title VII of the Civil Rights Act of 1964 and the Colorado Anti-Discrimination Act C.R.S. §§ 24-34-101 *et seq.*

## II. GENERAL ALLEGATIONS

24. Plaintiff alleges and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 11 above.

25. Plaintiff, a Hispanic citizen of the United States, was hired by Defendant in 1979 as a Civil Engineering Technician.

26. Plaintiff was subsequently promoted through his tenure with Defendant to the level of GS-11.

27. Initially, Plaintiff only performed the duties of trails coordinator and regional blast examiner fro "Region 2", the Rio Grande National Forest.

28. In approximately 1993, Defendant merged Region 2 – the Rio Grande National forest – and "Region 3" – the San Juan National Forest – into one combined region.

29. After Defendant's merger of these two regions, Plaintiff now performed the duties

4

of trails coordinator and regional blast examiner for what had been Region 2 – the Rig Grande Nation Forest region - and Region 3 – the San Juan National Forest.

30. Because of this increase in Plaintiff's duties, Plaintiff submitted a request for a "desk audit" in approximately 1998.

31. A "desk audit" is a personnel classification procedure that evaluates the duties performed by a given position to determine the appropriate pay grade for that position.

32. Pursuant to the applicable terms of a collective bargaining agreement, the desk audit should have taken approximately 60 calendar days to complete.

33. In fact, the desk audit was completed approximately eleven months later on or about April 29, 1999.

34. As a result of this desk audit review, Plaintiff's position was sustained at the GS-11 level despite the fact that Plaintiff's scope of duties had doubled.

35. In September, 1999, Plaintiff resigned as regional blast examiner for combined regions 2 and 3.

36. Plaintiff was still an employee of Defendant performing the duties of trails coordinator for combined regions 2 and 3.

37. Part of Plaintiff's duties as trails coordinator required him to maintain a blasting certificate, which authorized Plaintiff to use explosives to perform some of his work.

38. On January 27, 2000, Gary Frink was appointed as Regional Blast Examiner for combined region 2.

39. Some of the duties of a regional blast coordinator include, but are not limited to:

maintaining a list of certified blasters; notifying certified blasters of required

training sessions to maintain certification; and, obtaining and forwarding

applications to certified blasters so that annual certificates can be renewed in a

timely manner.

40. Certified blasters transport explosives using motor vehicles.

41. Because certified blasters transport explosives using motor vehicles, certified

blasters are required to maintain a commercial driver's license in the state of their

residence.

42. In 2002, the Regional Blast Examiner for region 2, Gary Frink, intentionally

failed to notify Plaintiff of required training sessions in an attempt to exclude

Plaintiff from attending those required training sessions.

43. In 2002, the Regional Blast Examiner for region 2, Gary Frink intentionally failed

to forward an application to Plaintiff to complete so that Plaintiff could timely

renew his annual blasting certificate.

44. As a direct and proximate cause of Frink's intentional and deceitful actions,

Plaintiff's annual blasting certificate expired in late 2001 or early 2002.

45. On May 13, 2004, Defendant ordered Plaintiff to take a random drug test pursuant

to the applicable federal regulations for persons holding commercial driver's

licenses.

46. Plaintiff refused to submit to that random drug test.

47. Plaintiff's refusal was premised on the fact that he was no longer required to

maintain a Colorado commercial driver's license because he no longer had a valid

blaster's certificate.

48. As a direct and proximate result of the above described conduct of the Defendant, Plaintiff has suffered and will in the future continue to suffer, damages, losses, and injuries, including, but not limited to loss of wages, earnings, salary, benefits, and income, and has suffered emotional pain, suffering, distress, humiliation, and embarrassment, a diminution in his earning capacity, and other losses and injuries, all to his damage in an amount to be determined at trial.

49. Plaintiff is entitled to reasonable attorneys fees pursuant to the applicable provisions of Title VII and the CADA.

## FIRST CLAIM FOR RELIEF

(Employment Discrimination-Disparate Treatment

42 U.S.C. §§ 2000e, et. seq., C.R.S. §§ 24-34-101 *et seq.*)

50. Plaintiff re-alleges Paragraphs 1 through 38 above and incorporates the same by reference as if fully set forth herein.

51. Defendant unlawfully discriminated in the terms and conditions of Plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964 and the Colorado Anti-Discrimination Act.

## SECOND CLAIM FOR RELIEF

(Retaliation

42 U.S.C. § 2000e-3(a), C.R.S. § 24-34-402 (1) (e)(I)-(IV)

52. Plaintiff re-alleges Paragraphs 1 through 40 above and incorporates the same by reference as if fully set forth herein.

53.     Defendant has retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 and the Colorado Anti-Discrimination Act.

**WHEREFORE, P**laintiff prays for judgment against Defendant and that the Court: award Plaintiff his actual, compensatory, exemplary, or other damages in an amount to be determined at trial; award Plaintiff damages for back pay, future pay, lost benefits, loss of value in his retirement accounts, and any other loss of income in an amount to be determined at trial; award Plaintiff prejudgment interest from the date of the Defendant's discriminatory act, as provided by law, post judgment interest, costs, expert witness fees, attorneys fees, and all other costs incurred by Plaintiff in prosecuting this action, as provided by law; and, award Plaintiff such other relief as the Court deems equitable, just, and appropriate.

**PLAINTIFF DEMANDS TRIAL BY A JURY.**

Respectfully submitted,

*/s/ David R. Medina*
David R. Medina, Attorney Reg. #26509
Theodore P. Watson & Associates, LLC
1001 S. Monaco Parkway, Suite 310
Denver, Colorado 80224
Phone: (720)941-7200
Facsimile: (720)941-7201
**Attorney for the Plaintiff**

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this **24th** day of **May, 2007**, a true and correct copy of the "COMPLAINT" was deposited in the was deposited in the United States mail, postage prepaid and addressed to the following:

Steven Silverman
Regional Counsel
Office of the General Counsel
740 Simms Street, Suite 309
Golden, CO 80401

Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington DC 20530-0001

United States Attorney, District of Colorado
United States Attorney's Office
1225 17th Street, Suite 700
Denver, Colorado 80202

Joyce L. Woody