IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01102-WDM-MEH

EUGENE QUINTANA,

    Plaintiff,

v.

CHUCK CONNOR, in his official capacity as Secretary of the United States Department of Agriculture,

    Defendant.

## MINUTE ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Amend ("Motion") [doc #28]. Although the Plaintiff states that his Motion is opposed, no response was filed by Defendants. Oral argument would not materially assist the Court in adjudicating the Motion. For the following reasons, the Motion is **granted**.

**A.    Background**

Plaintiff initiated this action on May 24, 2007 [doc #1]. Before any response to the Complaint was filed, Plaintiff amended his Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a) on June 25, 2007 [doc #9]. Thereafter, Defendants filed a Motion to Dismiss the Amended Complaint on August 24, 2007 [doc #18]. Plaintiff filed a response on September 17, 2007 [doc #21].

As a result of Defendant's Motion to Dismiss, Plaintiff filed the within Motion to Amend "to correct any deficiencies" including naming the proper Defendant, amending his jurisdictional allegations, and deleting a claim for relief. Motion at 1-2. Plaintiff states that "the proposed amendment is submitted to facilitate the resolution of this controversy on the merits and will not

prejudice Defendant since the additional allegations are rooted in the administrative record." Motion at 2.

As noted above, no response was filed by Defendants.

**B.     Analysis**

Once a responsive pleading to the complaint is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a) (2007); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182.

Here, the Court sees no justification for refusing to allow Plaintiff to amend his Complaint at this time. Discovery recently began and will not close until March 18, 2008, and no trial date has been set; thus, there is no undue prejudice to the Defendants. Plaintiff's stated purpose for requesting the amendment is to correct deficiencies in his allegations; no new claims are added nor is there undue delay or bad faith. Moreover, Defendants have not opposed the motion.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Plaintiff's Motion to Amend [filed November 2, 2007; doc #28] is **granted**, and the Clerk of the Court is directed to

accept the proposed Second Amended Complaint for filing [doc #28-2].

Dated at Denver, Colorado, this 29th day of November, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge