IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 07-cv-01102-WDM-MEH

EUGENE QUINTANA,

    Plaintiff,

v.

CHUCK CONNER, in his official capacity as Secretary of the United States Department of Agriculture,

    Defendant.

---

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

---

Miller, J.

This matter is before me on Defendant's Motion for Summary Judgment (Docket No. 56). After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion shall be granted.

Background

This case arises out of Plaintiff's employment relationship with the United States Department of Agriculture ("USDA"). Plaintiff is a Hispanic male. Beginning in 1974 Plaintiff was employed by Defendant in the engineering section of the Rio Grande National Forest, a division of the USDA. Working as a forest blaster from 1978 through 1990, Plaintiff was responsible for "blasting"—the detonation of explosives—in the national forest. The United States Forest Service utilizes a certification process for its blasters under which certification is based on knowledge, training, experience, and testing. The certificate indicates the different levels of blasting for which the person is

PDF Final

certified, is recommended by the Regional Blaster Examiner, and is signed by the Forest Supervisor.

In 1990 Plaintiff was promoted to Regional Blaster Examiner for Region 2, which includes eleven national forests and grasslands. Plaintiff resigned this post in 1999, but alleges that he kept his "status and responsibility" for his continued employment with the trails department of the Rio Grande National Forest. (2d Am. Compl. ¶ 7.) After Plaintiff resigned as the Regional Blaster Examiner for Region 2, Gary Frink, a former trainee of Plaintiff, took the position. Plaintiff alleges that as the Regional Blaster Examiner, Frink "shunned Plaintiff", requested Plaintiff give his blasting machine back, changed the locks on the explosive and detonator magazine without notice to Plaintiff, and denied Plaintiff the permits required to use and transport explosives. *Id.* ¶ 29.

Plaintiff's main contention, however, is that Frink denied him re-certification as a blaster. Part of the responsibilities of the Regional Blaster Examiner are to maintain a list of certified blasters, notify blasters of required training sessions, and obtain and forward applications for certification. Although Frink issued a number of certifications as the Regional Blaster Examiner, he did not issue one to Plaintiff despite Plaintiff's qualifications. Plaintiff's certification expired in May 2002 and there is no evidence that he ever became re-certified. In May 2004, Plaintiff discovered that Frink had also not issued certifications to the only other Hispanic males in the Rio Grande National Forest unit, Joe Valdez and Floyd Jaramillo. This knowledge caused Plaintiff to believe, allegedly for the first time, that he had been denied blaster certification based on his national origin, Hispanic.

On June 8, 2004, Plaintiff filed an informal charge of discrimination with the

Forest Service Civil Rights Employment Complaint Department.  Initial attempts to resolve the issue were made but were ultimately unsuccessful.  Therefore, on September 9, 2004 Plaintiff received a Notice of Right to File authorizing him to file a formal charge of discrimination.  Plaintiff filed the formal charge on September 28, 2004 with the USDA Office of Civil Rights Employment Complaints Division "alleging that Defendant had discriminated against him because of his national origin (Hispanic) by the failure or refusal to certify Plaintiff as a blaster." *Id.* ¶ 40.  The Equal Employment Opportunity Commission ("EEOC") rejected Plaintiff's claim on timeliness grounds and denied his subsequent appeal and motion for reconsideration.  On February 23, 2007, Plaintiff received a formal denial of his motion for reconsideration and a Right to File Civil Action.  Plaintiff filed this lawsuit on May 24, 2007.

On July 31, 2008, addressing Defendant's motion to dismiss, I dismissed with prejudice Plaintiff's claims based on shunning, request for blasting equipment, changing locks, or denial of permits necessary to use or transport explosives.  (*See* Docket No. 67.)  Therefore, the sole remaining claim is Plaintiff's claim regarding the failure to certify him as a blaster.[1]  *Id.*

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *accord Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1124 (10th Cir. 2005)

---

[1] Thus, only portions of Defendant's motion are relevant at this time. In particular, Defendant's argument regarding whether Plaintiff exhausted his administrative remedies with respect to a claim based on denial of permits was already decided in Defendant's favor in the Order on Motion to Dismiss (Docket No. 67).

("Under Fed. R. Civ. P. 56(c), summary judgment is only appropriate if the pleadings and admissible evidence produced during discovery, together with any affidavits, show that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"). A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). "When applying this standard, [the court] view[s] the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (citing *Byers v. City of Albuquerque*, 150 F.3d 1271, 174 (10th Cir. 1998)).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.* (citing *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). Indeed, the plaintiff must set forth specific facts "that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (D. Colo. 1998) (citing Fed. R. Civ. P. 56(e)). A mere scintilla of evidence is not sufficient to create a genuine issue of material fact and survive summary judgment, *Simms*, 165 F.3d at 1326 (quoting *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997)), nor

are unsupported conclusory allegations, *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1237 (10th Cir. 2004) (citing *L & M Enters., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000)). When the opposing party fails to "set out specific facts showing a genuine issue for trial . . . summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2). Indeed, a "nonmovant acts, or fails to act, at its peril." *Adler*, 144 F.3d at 672.

## Discussion

With respect to the only remaining claim, Defendant argues that because Plaintiff did not contact an Equal Employment Opportunity ("EEO") Counselor within forty-five days of his denial of certification, his claim is time-barred and summary judgment is appropriate. *See* 29 C.F.R. § 1614.105(a)(1) (requiring initial consultation with an EEO Counselor for all discrimination claims against an executive agency within 45 days after the discriminatory action). Defendant argues that Plaintiff was aware that Frink denied him re-certification in May 2002. As support, Defendant cites to Plaintiff's depositions when Plaintiff admitted that he knew in May 2002 that he had lost his previous certification and had not been re-certified. (*See* Pl.'s Deps. at Docket Nos. 56-4 at 220:1–7 and 56-5 at 129:9–12). Furthermore, Defendant argues that it is undisputed that Plaintiff did not contact an EEO Counselor until May 2004. (*See* Def.'s Mot. For Summ. J. ¶ 31 ("The first contact that Quintana had with an EEO counselor regarding the alleged discrimination and the failure to forward the certification card was in May of 2004"); Pl.'s Resp. ¶ 31 (admitting ¶ 31 from Defendant's brief).) Therefore, Defendant argues that Plaintiff's contact with the EEO Counselor was well outside the 45-day time limit. In response, Plaintiff argues that he sufficiently complied with the EEOC

requirements because his action accrued later than May 2002 and because the statute of limitations was tolled due to Frink's concealment of certain documents.  I agree with Defendant.

Plaintiffs who allege discrimination by an executive agency, as defined in 5 U.S.C. § 105 to include executive departments, must first consult with an EEO Counselor "prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a).  Contact must be initiated with the EEO Counselor "within 45 days of the date of the matter alleged to be discriminatory." *Id.* § 1614.105(a)(1).  This and other deadlines have been construed as statutes of limitations and as such subject to waiver, estoppel, and equitable tolling.  See *Hanlen v. Henderson*, 215 F.3d 1336, 2000 WL 628205, at *3 (10th Cir. May 16, 2000) (unpublished) (addressing the 45-day deadline); *Zipes*, 455 U.S. at 393 (addressing timely filing a charge with the EEOC); *Johnson v. Runyon*, 47 F.3d 911, 917 (7th Cir. 1995) (addressing the 45-day deadline); *Albert v. Henderson*, 216 F.Supp.2d 1171, 1173–74 (D. Colo. 2002) (addressing the 45-day deadline).

First, Plaintiff argues that Frink continued to certify blasters throughout May 2003 and, therefore, this is the relevant date at which he knew that he had been denied re-certification.  Even if this were true, however, Plaintiff did not contact an EEO Counselor until June 2004, well more than 45 days after either May 2002 or May 2003.

Next, Plaintiff argues that his cause of action did not accrue until he suspected a discriminatory animus in mid-May 2004 when he learned that two other Hispanic

blasters were also not certified as blasters.[2]  Thereafter, he contacted the Counselor within the prescribed 45 days.  The date that starts the clock running, however, is not the date when Plaintiff knew about the discriminatory nature of the action, but the date when Plaintiff knew of the action itself.  *See Hulsey v. Kmart, Inc.*, 43 F.3d 555, 558–59 (10th Cir. 1994).  In *Hulsey*, two plaintiffs were demoted from their positions as store managers and transferred to different stores.  *Id.* at 556.  Two years later, after viewing an episode of "A Current Affair", they determined that their demotions and transfers were likely the result of age discrimination.  *Id.* at 557.  Determining that the action was untimely, the Tenth Circuit held that "notice or knowledge of discriminatory motivation is not a prerequisite for a cause of action to accrue" rather, "it is knowledge of the adverse employment action itself that triggers the running of the statute of limitations."  *Id.* at 558–59.  Therefore, Plaintiff's cause of action accrued when he became aware that he was not being re-certified.  In this case, assuming that Plaintiff did not know that he was being denied re-certification until Frink completed the certification process, his cause of action accrued in May 2003.  Thus, as there is no factual dispute that Plaintiff's only contact with the EEO Counselor occurred in May 2004, at least a full year after his claim accrued, Plaintiff's claim based on re-certification is time-barred unless the statute of limitations was tolled.

    Finally, Plaintiff argues that the statute of limitations was tolled until he suspected

---

[2]  Although I determined in my July 2008 Order on Motion to Dismiss that Plaintiff had plead sufficient facts to survive a motion to dismiss with respect to whether he had timely contacted an EEO Counselor, Defendant now presents further argument regarding the issue and, therefore, it is appropriate to revisit the issue.  Furthermore, the standard on summary judgment is much stricter than the standard under a 12(b)(6) motion to dismiss.

in May 2004 that he was not re-certified due to a discriminatory animus because "Frink actively concealed his discriminatory reasoning by destroying documents at his discretion, despite his requirement to keep them." (Docket No. 62 at 10.) In particular, Plaintiff alleges that Frink intentionally did not keep records on Plaintiff's blasting activities and certification and, instead, faulted Plaintiff for not providing the records to him. The regulations provide that the deadline shall be extended:

> when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2). The Tenth Circuit "has generally recognized equitable tolling of Title VII periods of limitation only if circumstances 'rise to the level of active deception which might invoke the powers of equity to toll the limitations period.'" *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) (quoting *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 838–39 (10th Cir.1979)). Indeed, the limitations period will not be tolled "'unless an employee's failure to timely file results from either a 'deliberate design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.'" *Husley*, 43 F.3d at 557 (quoting *Olson v. Mobil Oil Corp.*, 904 f.2d 198, 201 (4th Cir. 1990)). Examples of actions that will toll the statute of limitations include when "a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts" or when "a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights." *Montoya*, 296 F.3d at 957 (citations and quotations

omitted).  Notably, it is not any sort of deceit or concealment on the part of the employer that will act to toll the statute of limitations; rather, tolling is limited to situations where an employer's actions relate to the actual deadline and assertion of rights. *See id.*; *Scheerer v. Rose State College*, 950 F.2d 661, 665 (10th Cir. 1991) ("'In this circuit, a Title VII time limit will be tolled *only* if there has been active deception of the claimant regarding procedural prerequisites.'" (emphasis in original) (quoting *Johnson v. United States Postal Serv.*, 861 F.2d 1475, 1481 (10th Cir. 1988))); *Richardson v. Frank*, 975 F.2d 1433, 1436 (10th Cir. 1991) (determining that summary judgment was not appropriate when there were genuine issues of material fact as to whether the EEO office mislead the plaintiff into thinking that there was not a time limit for contacting the EEO Counselor).

In this case, Plaintiff does not allege that he was misled in any manner with respect to asserting his rights.  Rather, he alleges that Frink concealed documents tending to prove that the denial of Plaintiff's re-certification was discriminatory.  This is not the type of active deception for which tolling is an appropriate remedy.  The Tenth Circuit has recognized that a claim accrues even though the plaintiff does not have all the evidence of discriminatory motivation ultimately relied upon at trial.  *See Husley*, 43 F.3d at 558 (quoting *Olson*, 904 F.2d at 202–03).  Likewise, equity does not require that the statute of limitations be tolled while a Plaintiff gather his evidence for trial.  Therefore, I conclude that the statute of limitations in this case was not tolled and Plaintiff's claim is time-barred.

Defendant also argues that summary judgment is appropriate on Plaintiff's claim regarding re-certification because Plaintiff has failed to demonstrate an element of his

*prima facie* case,[3] namely that the denial of re-certification is an adverse employment action. I need not determine this issue, however, as I have already determined that summary judgment is appropriate due to Plaintiff's failure to contact an EEO Counselor within the prescribed time period. Nevertheless, I note that I already addressed this issue in the Order on Motion to Dismiss (Docket No. 67), albeit under a different standard of review. In that Order, I determined that Plaintiff's allegations were sufficient to demonstrate that the denial of his re-certification constituted an adverse employment action. I conclude that it similarly appears now that there is a genuine issue of material fact as to whether the denial of re-certification was an adverse employment action.

Accordingly, it is ordered:

1. Defendant's Motion for Summary Judgment (Docket No. 56) is granted.

2. The case is dismissed with prejudice.

DATED at Denver, Colorado, on January 28, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge

---

[3] A *prima facie* case for disparate treatment requires that the Plaintiff demonstrate "(1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees." *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005) (citing *Trujillo v. Univ. of Colo. Health Scis. Ctr.*, 157 F.3d 1211, 1215 (10th Cir. 1998)).